# United States District Court

### SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

V.

**NICOLAS RYAN BISHOP**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-mj-00900

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  In or about January 2016 through on or about November 17, 2016, in Marion County, in the Southern District of Indiana defendants did,

Count 1:  Coercion and Enticement
Count 2:  Penalties for Registered Sex Offenders
Count 3:  Coercion and Enticement
Count 4:  Penalties for Registered Sex Offenders
Count 5:  Coercion and Enticement
Count 6:  Penalties for Registered Sex Offenders
Count 7:  Tampering with a Witness, Victim, or Informant

in violation of Title 18, United States Code, Sections 2422(b), 2260A, 1512.  I further state that I am a Task Force Officer, and that this complaint is based on the following facts:

See attached Affidavit

**Continued on the attached sheet and made a part hereof.**

_____
TFO Darin Odier, FBI

**Sworn to before me, and subscribed in my presence**

December 7, 2016                                 at    Indianapolis, Indiana
**Date**

_____                     _____
Denise K. LaRue, U.S. Magistrate Judge         Signature of Judicial Officer
**Name and Title of Judicial Officer**

## AFFIDAVIT

I, Darin Odier, hereby depose and state as follows:

1. **Affiant**: I am a Detective in the Cybercrime Unit of the Indianapolis Metropolitan Police Department. I am also a cross designated Task Force officer assigned to the FBI the Indianapolis Violent Crimes Against Children Task Force.

2. **Experience**: I have over 25 years of law enforcement experience. I have investigated State and Federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have written numerous search warrants involving internet crimes against children cases and participated in their execution.

3. **Training**: I have attended the National Crimes Against Children Conference multiple times and attended numerous classes related to investigating the online sexual exploitation of children. I am also a member of the Indiana Internet Crimes Against Children Task Force, which includes numerous federal, state and local law enforcement agencies. I am currently assigned to operate in an undercover capacity on the Internet to identify and investigate persons attempting to exploit or solicit sexual acts with children or trafficking in child pornography. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4. **Information provided**: The statements in this affidavit are based on information obtained from my observations and communications, as well as

information learned from other law enforcement officers and witnesses. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, the affiant has not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the listed offenses.

5. **Probable Cause:** For the reasons listed below, there is probable cause to believe that **Nicolas Ryan Bishop** (BISHOP), DOB xx-xx-1993 (Known to affiant, but redacted) has committed the following offenses in the Southern District of Indiana and elsewhere:

6. **Count 1: 18 U.S.C. § 2422(b): Coercion and Enticement**

7. **Count 2: 18 U.S.C. § 2260A: Penalties for Registered Sex Offenders**

8. **Count 3: 18 U.S.C. § 2422(b): Coercion and Enticement**

9. **Count 4: 18 U.S.C. § 2260A: Penalties for Registered Sex Offenders**

10. **Count 5: 18 U.S.C. § 2422(b): Coercion and Enticement**

11. **Count 6: 18 U.S.C. § 2260A: Penalties for Registered Sex Offenders**

12. **Count 7: 18 U.S.C. § 1512: Tampering with a Witness, Victim, or Informant**

13. **Interstate or Foreign Commerce:** The affiant knows that the email and social networking accounts listed below are facilities of interstate or

foreign commerce. Also, engaging in the listed activity through these accounts is in or affecting interstate or foreign commerce. Finally, the cellular phone system is a facility of interstate or foreign commerce, and the phones used to access such system are manufactured outside the state of Indiana.

14. **Sexual Exploitation of a Child (18 U.S.C. § 2251(a)):** This statute provides that "Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed. It is also a crime to attempt to sexually exploit a child. 18 U.S.C. § 2251(e).

15. **Coercion and Enticement (18 U.S.C. § 2422(b))**: This statute provides that "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life." This statute incorporates both state and federal law in determining whether the underlying sexual activity is a criminal offense, including federal law prohibiting the sexual exploitation of a child, and attempts to do so (18 U.S.C. § 2251(a) and Indiana law prohibiting sexual misconduct with a minor (35-42-4-9).

16. **Sexual Misconduct with a Minor (Indiana Code 35-42-4-9)**: This statute prohibits including sexual intercourse, other sexual conduct, and / or touching or fondling with the intent to arouse or satisfy sexual desires, between a person who is at least 18 years of age and a child who is 14 or 15 years old.

17. **Child Pornography Trafficking (18 U.S.C. § 2252)**: This investigation also concerns alleged violations of 18 U.S.C. § 2252, which prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by

any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce.

18.  **Child Pornography Trafficking (18 U.S.C. § 2252A):** This investigation also concerns alleged violations 18 U.S.C. § 2252A, which prohibits a person from knowingly mailing, transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce.

19.  **Definitions**: The following definitions apply to this Affidavit:

20.  "Child Pornography" means any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256.

21.  "Minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

22.  "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether

between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2).

23. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

24. **Google** is a multinational technology company specializing in Internet-related services and products that include online advertising technologies, email, search, cloud computing, and software.

25. **Kik** and **Whisper** are social media applications (application) in which users can engage in 1 to 1, or micro-social networking. This includes the ability to text and/or send and receive images and videos within the application.

**Present Investigation and Overview of Specific Probable Cause:**

26. At Approximately 3:30am on November 17, 2016 this affiant was asked to assist a patrol officer with the Indianapolis Metropolitan Police Department. The officer stated that he had received a radio run to a residence and spoke to a complainant. The complainant stated that earlier the previous evening, her 13-year-old daughter came to her saying that she'd been talking to an adult male using the online app Whisper. She said the adult male was acting inappropriately. The complainant then began communicating with the adult male on Whisper, portraying herself as her daughter. The adult male sent an image of his face and gave the name "Ryan." "Ryan" also sent an image

described by the complainant as sexually explicit. "Ryan" asked the person he believed to be 13 years old to meet him at a specific location and gave a description of his vehicle. At this point, the complainant called the police.

27. Officers went to the arranged meeting place and found a vehicle matching the description. Inside the vehicle, they found Nicolas Ryan Bishop and detained him.

28. When this affiant arrived, I asked BISHOP to sit in the front seat of my vehicle. I advised BISHOP of his *Miranda* rights, which he acknowledged understanding.

29. In a recorded interview, BISHOP admitted talking to a 13 or 14-year-old girl on Whisper and admitted that the conversation had sexual overtones. He stated that they agreed to meet at his current location.

30. Bishop stated he sent pictures of his face and of a penis covered by boxer shorts.

31. BISHOP also admitted being on sex offender probation for a previous conviction for Rape, and communicating with anyone under 18 was a violation of his probation.

32. BISHOP signed a Consent to Search form consenting to a forensic examination of his cell phone, a Galaxy S4. BISHOP then gave me his cell phone.

33. Det. Grant Melton of the Indianapolis Metropolitan Police Department digital forensic unit conducted of forensic examination of

BISHOP's cell phone. The phone contained multiple conversations on the KIK app between BISHOP and girls who are possibly under 16 years old.

34. Reading the conversations led me to believe BISHOP engaged or attempted to engage in sexually explicit conduct with girls under 16 years old, and that BISHOP requested sexually explicit images from them.

35. In conversations with at least 2 separate minor females, it appeared BISHOP extorted, or attempted to extort them.

**Second interview with Bishop**

36. On November 22, 2016, this affiant contacted BISHOP and he agreed to meet me. I again read BISHOP his *Miranda* rights, which he acknowledged understanding. I then asked him if he has met any other girls in person who are under 18 years of age. BISHOP stated that other than a previous probation violation from an in-person meeting of a 15-year-old girl from Whisper, he has not.

37. **Minor Victim 1:** I asked BISHOP about a specific girl, whose identity is known to me (Minor Victim 1). BISHOP admitted meeting her on Whisper and talking to her over a period of time. BISHOP admitted that he met Minor Victim 1 at her house on one occasion.

38. BISHOP also admitted that when he met Minor Victim 1, he put his hand down the inside of her pants two separate times and squeezed her

buttocks. On both occasions, Minor Victim 1 told BISHOP she did not want him to touch her like that.

39. BISHOP also admitted requesting and receiving images from Minor Victim 1 including a full body nude, images of her breasts, and at least 1 visual depiction of her vagina.

40. BISHOP stated that he thinks Minor Victim 1 is 16 or 17 years old.

41. **Minor Victim 2**: I asked BISHOP about another specific girl, whose identity is known to me (Minor Victim 2).

42. BISHOP stated he recently met Minor Victim 2 on Whisper and chatted and texted. He initially admitted to meeting Minor Victim 2 once in-person on the porch of her residence.

43. BISHOP initially told this affiant that he guessed her age to be "probably 16 or 17, under 18, I don't know how far under 18" but was unsure about her specific age. He later admitted knowing that Minor Victim 2 was 15 years old.

44. BISHOP admitted sending Minor Victim 2 images of his penis.

45. BISHOP stated that he requested and received images of Minor Victim 2 including an image of her in her panties. He stated he asked her for additional images.

46. BISHOP admitted sending a "nude" image of Minor Victim 2 back to her and threatening to post it on line if she didn't meet him in person. BISHOP said, "I know that I would never do it, but she didn't know that".

47. BISHOP admitted extorting Minor Victim 2 into meeting him a second time. Minor Victim 2 got in his vehicle and he touched her thigh, moving his hand under her shorts. Minor Victim 2 stopped him. BISHOP admitted he was trying to "finger" her.

48. **Minor Victim 3:** I asked BISHOP about any other girls he'd met online, and also met in person. He told me about another girl (Minor Victim 3) he met on Whisper within the last week. He referred to her by her first name.

49. BISHOP stated they talked online few days. He requested and received sexual images from Minor Victim 3.

50. Minor Victim 3 gave him directions to her house and her address. BISHOP stated he went to her house after he got off work at 1:30am and she let him in through her bedroom window. Her mother was asleep in the room next door.

51. BISHOP stated that he and Minor Victim 3 engaged in sexual conduct.

52.     Bishop stated that Minor Victim 3 she was 15 or 16 but was unsure of her exact age. BISHOP said she might have told him when they first began communicating online, but he doesn't remember.

53.     When asked if it matters to him if a girl is 15 or 16, BISHOP replied, "not a whole lot."

54.     BISHOP stated that he and Minor Victim 3 continued to communicate and he went to the area of her residence after getting off work on November 17, 2016. She stopped responding and BISHOP believed that Minor Victim 3 had fallen asleep. He then went to meet the 13-year-old girl referenced above, whose online contact with BISHOP initiated this investigation.

55.     **Obstruction of Justice:** BISHOP admitted that on November 17, 2016, he deleted the Whisper app from his cell phone when he saw the police officer pull up behind him at the meeting place because he didn't want law enforcement to find evidence of his online communications.

56.     This affiant asked BISHOP if he kept or maintained any of the images that he requested and received from Minor Victims 1, 2 and 3. BISHOP stated that he kept images in "draft" folders in his email account, Lugz.01@gmail.com. BISHOP signed a "Consent to assume online identity," for law enforcement to access and take control of his Gmail email account.

57. This affiant accessed the email account of Lugz.01@gmail.com. The password was changed by law enforcement to ensure that law enforcement has exclusive control of the account.

58. This affiant found 7 draft emails, each containing multiple images and/or videos. One of the draft folders, dated 7-8-16 was titled with an abbreviation of the first name of Minor Victim 1.

### INTERVIEWS OF MINOR VICTIMS 1, 2 and 3

59. This affiant and Det. Laura Smith were able to identify, locate and interview Minor Victims 1, 2 and 3.

60. **Minor Victim 1** stated that she met "Nic Bishop" (BISHOP) on Whisper in early 2016. Minor Victim 1 said BISHOP lives in Spencer, Indiana and was on probation. They also communicated on Skype and Google hangouts. Minor Victim 1 told BISHOP she was 15 years old and he asked her when she would be 16. She gave him her birth date in October.

61. Around Valentine's Day 2016, BISHOP asked Minor Victim 1 to send him sexually explicit images, including images of Minor Victim 1 engaged in specific sexual conduct. He made this request using the internet. At BISHOP's request, she produced and sent visual depictions to BISHOP through Whisper and later emailed them to him, also at his request. These include images in which her vaginal or pubic area was visible.

62. According to Minor Victim 1, BISHOP told Minor Victim 1 that he would post her images online if she didn't meet him in person. She stopped communicating with him. In May or June 2016, BISHOP showed up at her mom's residence and told her, through online communication, that if she didn't come outside BISHOP would kill himself. Minor Victim 1 said that she met BISHOP in her driveway for 5 minutes and he tried to put his hand down the front and back of her pants.

63. In a Google "Hangouts" conversation recovered from BISHOP's cell phone, on October 20, 2016 Minor Victim 1 tells BISHOP, "No I'm done nic this year you have blackmailed me touched me when I said no…"

64. This affiant showed Minor Victim 1 the contents of the draft email with her name. Minor Victim 1 identified herself in each of the 10 images, including 1 image that is a close up of her exposed vaginal area. Minor Victim 1 stated she produced and sent these images to BISHOP at his request.

65. Minor Victim 1 said she and Bishop would also communicate on SKYPE. On multiple occasions, BISHOP would masturbate on video and ask Minor Victim 1 to masturbate, which she denied doing.

66. This affiant showed Minor Victim 1 a photo of Nicolas Ryan Bishop. Minor Victim 1 identified the person in the photo as "Nic Bishop".

67. **Minor Victim 2** stated that she met BISHOP through a friend of hers. She knows him as "Nic." They communicated via cell phone, text and KiK.

68. Minor Victim 2 told BISHOP she was 15 years old.

69. BISHOP told Minor Victim 2 that he would buy her alcohol if she met him. BISHOP came to her house about 2:30am and they met on the porch. BISHOP told her that he wanted to take her to his work and have sex.

70. BISHOP asked for Minor Victim 2 to send to him nude images of herself through KiK. She sent him an image of her in a bra, another with her breasts exposed and 1 with her vaginal or pubic area exposed. He specifically asked for a "pussy pic."

71. Minor Victim 2 produced and sent all the images to BISHOP after they met in-person.

72. Soon thereafter, Minor Victim 2 tried to stop communicating with BISHOP. When she tried to stop, BISHOP sent 1 of her images back to her. When she asked him to delete it, BISHOP said he would delete her images if she met him again in person.

73. Although Minor Victim 2 did not want to meet him again, she did so to ensure that he would delete the nude images BISHOP had of her. Minor Victim 2 was afraid he would "expose" her on Kik or Instagram.

74. Minor Victim 2 said that she got in BISHOP's vehicle and he drove around the corner from her house. BISHOP tried to kiss her. She was wearing shorts and he rubbed her leg near the bottom of her shorts. She stopped him and got out of the car.

75. Minor Victim 2 did not see BISHOP's phone to confirm the images of her were deleted.

76. BISHOP continued to call, text and send Minor Victim 2 messages on Kik. Minor Victim 2 asked BISHOP to stop contacting her. BISHOP threatened to burn her house down by saying, "2 words, house fire".

77. During a forensic examination of Minor Victim 2's cell phone, a conversation between Minor Victim 2 and the KiK user name used by Bishop was recovered. On November 14, 2016 Minor Victim 2 repeatedly told Bishop to stop texting her. Bishop responds by saying, "2 words. House. Fire." Bishop then sends an emoji of a house and a fire and says, "Do I know where you live?".

78. This affiant showed Minor Victim 2 a photo of Nicolas Ryan Bishop. Minor Victim 1 identified the person in the photo as the person she met and communicated with that she knows as "Nic".

79. **Minor Victim 3** stated that she met a male on Whisper when he replied to a post she made. All of their communications were through Whisper. Minor Victim 3 was unsure of his name. She believed that he was a mechanic. She thought that she told him that she was 16 years old. They chatted for a few days and talked about him coming over to "hang out". Minor Victim 3 told him where she lived and they made plans for him to come in to her house through her bedroom window.

80. BISHOP arrived around 1:30am and entered through her window.

81. Minor Victim 3 described him as really tall with a mustache and beard.

82. Within 1 or 2 minutes of him arriving, he began touching her. They had sexual intercourse and each of them performed oral sex on the other.

83. This affiant showed Minor Victim 3 a photo of Nicolas Ryan Bishop. Minor Victim identified Bishop as the person she met on Whisper and came to her house and engaged in sexual conduct.

84. This affiant knows that the Whisper screen name used by Bishop is Hallow_Germ.

85. The mother of Minor Victim 3 gave law enforcement consent to forensically examine the cell phone used by Minor Victim 3.

86. The examination recovered the Whisper conversations between Minor Victim 3 and Hallow_Germ. During their initial conversation on November 13, 2016, Minor Victim 3 told Hallow_Germ "…i'm almost 16".

87. Minor Victim 3 said BISHOP asked her for pictures, but she was non-specific about what kind of pictures he wanted. The recovered conversation shows Bishop asked for a "tease pic." A recovered image shows Minor Victim 3 pushing her panties down and her hand touching her vaginal or pubic area.

88. BISHOP communicated online with Minor Victim 1 from January of 2016 through November 14, 2016. BISHOP communicated with Minor Victim 2 on or about November 4, 2016 to November 7, 2016. BISHOP communicated with Minor Victim 3 from November 13, 2016 to November 17, 2016.

89. **Registered Sex Offender**: As to all relevant time periods in this complaint, Nicolas Ryan Bishop was required to register as a convicted sex offender under Indiana law. All of the above listed offenses are crimes against minors under 18 U.S.C § 2422.

90. As to all relevant periods in this complaint affidavit, Nicolas Ryan Bishop was a resident of the Southern District of Indiana and the criminal behavior in which is alleged to have engaged occurred in the Southern District of Indiana. Minor Victims 1, 2, and 3 were all residents of the Southern District of Indiana.

91. The Internet, which facilitates the use of Whisper, Kik, Google email, and other communication methods used by BISHOP to communicate with Minor Victims 1, 2, and 3 is a means and facility of interstate and foreign commerce.

## **CONCLUSION**

92. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that **Nicolas Ryan Bishop** has committed the above listed offenses.

_____
Darin Odier
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn before me this 7th day of December, 2016.

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana