FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2017 MAY 16  AM 9: 09

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICOLAS RYAN BISHOP,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**1  17-cr-0086 LJM -MJD**

Cause No. insert cause number

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Kristina M. Korobov, Assistant United States Attorney ("the Government"), and the defendant, Nicolas Ryan Bishop ("the defendant"), in person and by counsel, William Dazey, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

### Part 1:  Guilty Plea and Charges

1.  **Plea of Guilty:** The defendant, having waived the right to indictment by a grand jury, petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses charged in the Information:

A.  **Count 1** which charges that the defendant committed the offense of Receipt of Visual Depictions of Minors Engaging in Sexual Explicit Conduct, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).

B. **Counts 2 and 3,** which charge that the defendant committed the offense of Coercion / Enticement, in violation of Title 18, United States Code, Section 2422(b).

C. **Count 4,** which charges that the defendant committed the offense of Penalties for Registered Sex Offenders, in violation of Title 18, United States Code, Section 2260A.

2. **Potential Maximum Penalties:**

A. **Count 1:** The offense is punishable by a maximum sentence of 40 years of imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment. The offense has a 15-year mandatory minimum sentence.

B. **Counts 2 and 3:** The offense is punishable by a maximum sentence of Life Imprisonment, a $250,000 fine, and a lifetime of supervised release following any term of imprisonment. The offense has a 10-year mandatory minimum sentence.

C. **Count 4:** The offense is punishable by a term of imprisonment of 10 years, which shall be served consecutively to the underlying offense (Count 2 or Count 3) under that provision.

3. **Elements of the Offense:** To sustain the offenses to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

A. **Count 1:** Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, 18 U.S.C. §2252(a)(2) and (b)(1):

    i. The defendant knowingly received a visual depiction using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means including by computer; and

    ii.   the production of such visual depiction involved the use of a minor under the age of 18 years engaging in sexually explicit conduct; and

   iii.   such visual depiction was of such minor engaged in sexually explicit conduct; and

   iv.   the defendant knew that at least one of the persons in such visual depiction was a minor under the age of 18 years and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

    v.   The Government must also prove that the defendant has a prior conviction under the laws of any State relating to aggravated sexual abuse or sexual abuse, as defined by 18 U.S.C. §2252(b)(1).

**B.**    **Counts 2 and 3**:  Coercion / Enticement and Attempted Coercion / Enticement, 18 U.S.C. §2422(b)

    i.   The defendant used a facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity and did attempt to knowingly persuade, induce, entice, and coerce a minor to engage in sexual activity for which any person could be charged with a criminal offense; <u>and</u>

    ii.   if the sexual activity had occurred, the defendant would have committed the criminal offense of either

       a.   Distribution and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), <u>or</u>

       b.   Sexual Misconduct with a Minor, in violation of I.C. 35-42-4-9(a)(1)).

**C.**    **Count 4:** Penalties for Registered Sex Offenders, 18 U.S.C. §2260A:

       i.   The defendant was required by Federal or other law to register as a sex offender; and

      ii.   Commits a felony offense involving a minor under 18 U.S.C. §1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425.

### Part 2: General Provisions

**4.**     **18 U.S.C. § 3553(a) and Sentencing Guidelines:** The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 9, below. The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 9, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

**5.**     **Rule 11(c)(1)(C), Fed. R. Crim. P.:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the

Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

6.    **Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

7.    **No Protection from Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.   The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

8.    **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial;  (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the

right to be considered for release until trial[1]; and if found guilty of the charges, the right to appeal the conviction on such charges to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Part 3: Sentence to be Imposed

9.    **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

   A.    **Imprisonment:** The defendant will be sentenced to a term of between 20 and 30 years of imprisonment.

   B.    **Restitution:** The parties understand that federal law requires the payment of restitution to the minor victims in the offenses charged in Count 1, 2, and 3, and the Defendant agrees to make restitution to the victims. The parties understand that the United States has not yet determined through its investigation whether any other victims whose images were found in the defendant's image collection can be identified or will seek such restitution. The parties understand that the Court will determine the payment terms for any restitution. Nothing in this agreement prevents any identified or unidentified victim of these offenses from seeking additional restitution if they choose to do so and can demonstrate losses higher than the amount of the agreed restitution.

   The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

    **C.**    **Fine:** To be determined by the Court.

    **D.**    **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning the duration of the term of supervised release to follow any term of imprisonment in this case and the terms and conditions of the release.

    **E.**    **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

    See Addendum A

    **F.**    **No Contact Condition of Supervised Release:** The defendant agrees to have no contact with the victims in Count 1, Count 2, and Count 3 during the entire term of his sentence. The names of the victims will be submitted in a sealed addendum.

    **G.**    **No Appeal of Supervised Release Term and Conditions:** As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

**H.     Mandatory Special Assessments:**

i.      The defendant will pay a total of $300 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

ii.     If the Court finds that the defendant is not indigent, then the defendant agrees to remit to the Court at the time of sentencing or as directed by the Court a certified check or money order in the amount of $5,000, payable to Clerk, United States District Court, which amount represents the mandatory additional special assessment that must be imposed by the Court and paid by non-indigent federal defendants charged with this offense pursuant to 18 U.S.C. § 3014.

**I.     Obligation to Pay Financial Component of Sentence**:  If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility Program of the U.S. Bureau of Prisons.  The defendant has a continuing obligation to pay the financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit

reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

J.    **Forfeiture:** The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant abandons all right, title, and interest in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant. The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

- A Galaxy S4 Cell Phone recovered from the defendant on or about November 17, 2016.

The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the

forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### Part 4: Factual Basis for Guilty Plea

10. The parties stipulate and agree that the following facts establish a factual basis for the defendant's pleas of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

A. Defendant Bishop is a convicted rapist and a registered sex offender under Indiana law. His conviction for Rape, in violation of Indiana Code 35-42-4-1, occurred on or about November 27, 2012 in Owen County, Indiana under case number 60C01-1102-FA-98. Since at least September 5, 2013, the defendant has been required to register under Indiana law as a convicted sex offender.

B. During the period of time that Bishop was registered as a sex offender, the defendant went online to the social media site "Whisper" and engaged in communications

with at least 4 girls under the age of 18. It was through the "Whisper" app that the defendant began communication with Minor Victims 1, 2, and 3.

C.    Minor Victim 1: On or between January 1, 2016 and April 1, 2016, the defendant began communicating over the internet, using the "Whisper" app, with Minor Victim 1, a child who was less than 16 years of age.

1.    At the defendant's request, Minor Victim 1 sent a visual depiction of a minor engaging in sexually explicit conduct to the defendant. The image was transmitted over the internet.

2.    The defendant received this image from Minor Victim 1, and he had this image in his possession, in a Google email account, on the date of his arrest.

D.    Minor Victim 2: On or between November 1, 2016 and November 17, 2016, the defendant met Minor Victim 2 online, and they communicated using cell phones and the internet, using the "Whisper" app and the Kik Messenger app. Minor Victim 2 was less than 16 years of age.

1.    During the online communication with Minor Victim 2, the defendant persuaded and enticed and attempted to persuade and entice Minor Victim 2 to send to him visual depictions of a minor engaged in sexually explicit conduct. Minor Victim 2 sent the defendant, over the internet, visual depictions of a minor engaged in sexually explicit conduct.

2.    On November 16, 2016, when Minor Victim 2 refused to meet the defendant in person, the defendant distributed to Minor Victim 2 one of the visual depictions reference in paragraph D(1) above, as a means to compel Minor Victim 2 to meet the defendant.

E.　Minor Victim 3: On or between November 13, 2016 and November 14, 2016, the defendant met Minor Victim 3, a child who was 15 years old, through the "Whisper" app. The defendant communicated with Minor Victim 3 over the internet and through cell phones.

　　1.　On November 15, 2016, the defendant, a person over the age of 21 years, went to the home of Minor Victim 3 and engaged in sexual conduct with Minor Victim 3. Such conduct violated Indiana Code 35-42-4-9(a), Sexual Misconduct with a Minor.

　　2.　On November 16, 2016, the defendant did, using the Internet, attempt to persuade, induce, entice, and coerce Minor Victim 3 to sneak out of her house and to meet him to engage in sexual conduct, which would violate Indiana Code 35-42-4-9(a). Minor Victim 3 did not show up for the planned meeting.

F.　On November 17, 2016, the defendant attempted to meet up with a 13-year-old child who he had met on the "Whisper" app. Anticipating an in-person meeting with the child, the defendant went to a Meijer parking lot in the Southern District of Indiana. The child's mother had, however, intercepted the communications between the defendant and the child, and the mother called police. The police went to the Meijer parking lot, and found the defendant there. The defendant admitted to the police that he deleted the "Whisper" app from his cell phone when he saw the police car.

G.　The Internet is a means or facility of interstate and foreign commerce. The cellular phone used by the defendant to communicate with Minor Victims 1, 2, and 3, was not manufactured in Indiana, and therefore, travelled in interstate or foreign commerce.

H.    Throughout 2016, the defendant and Minor Victims 1, 2, and 3 lived in the Southern District of Indiana.

### Part 5:  Other Conditions

11.    **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

12.    **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

13.    **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 6:  Sentencing Guideline Stipulations

14.    **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.  These stipulations provide the basis for the sentence agreed upon by the parties in paragraph 9,

above. The 2016 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

A.  Count I: Distribution and Receipt of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct

     i.  **Base Offense Level:** Count 1 carries a base offense level of **22.** U.S.S.G. § 2G2.2(a)(2).

     ii.  **Conduct Limited to Receipt:** The defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the defendant did not intend to traffic in, or distribute, such material. This results in a **2** level decrease. U.S.S.G. § 2G2.2(b)(1).

     iii.  **Pattern of Conduct:** The defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. This results in a **5** level increase.

     iv.  **Computer Use:** The offenses involved the use of a computer and an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. This results in a **2** level enhancement. U.S.S.G. § 2G2.2(b)(6).

     v.  **Obstruction of Justice:** The defendant willfully obstructed or impeded, or attempted to obstruct of impede, the administration of justice, with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a

closely related offense.  This results in a **2** level increase.  U.S.S.G. § 3C1.1

    vi. **Subtotal:** Count 1 carries a total offense level of **29**.

B.   <u>Count II:  Coercion / Enticement</u>

    i. **Base Offense Level:** Count 2 carries a base offense level of **28**.  U.S.S.G. § 2G1.3(a)(3).

    ii. **Computer Use:** The offenses involved the use of a computer and an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.  This results in a **2** level enhancement.  U.S.S.G. § 2G1.3(b)(3)(A).

    iii. **Obstruction of Justice:** The defendant willfully obstructed or impeded, or attempted to obstruct of impede, the administration of justice, with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.  This results in a **2** level increase.  U.S.S.G. § 3C1.1

    iv. **Subtotal:** Count 2 carries a total offense level of **32**.

C.   <u>Count III:  Coercion / Enticement</u>

    i. **Base Offense Level:** Count 3 carries a base offense level of **28**.  U.S.S.G. § 2G1.3(a)(3).

ii. **Computer Use:** The offenses involved the use of a computer and an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. This results in a **2** level enhancement. U.S.S.G. § 2G1.3(b)(3)(A).

iii. **Sexual Conduct:** The offense involved the commission of a sex act or sexual contact. This results in a **2** level enhancement. U.S.S.G. § 2G1.3(b)(4)(A).

iv. **Obstruction of Justice:** The defendant willfully obstructed or impeded, or attempted to obstruct of impede, the administration of justice, with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense. This results in a **2** level increase. U.S.S.G. § 3C1.1

v. **Subtotal:** Count 2 carries a total offense level of **34**.

D. Count 4: Count 4 requires the Court to increase the defendant's sentence by a period of 10 years as a result of his conviction on Count 2 or Count 3.

F. **Multiple Count Adjustment:**

| Group # | Adjusted Offense Level | Units |
|---------|------------------------|-------|
| Ct. 1   | 29                     | 1     |
| Ct. 2   | 32                     | 1     |
| Ct. 3   | 34                     | 1     |

| | |
|---|---|
| Total Number of Units: | 3 |
| Increase in Offense Level: | 3 |
| Combined Adjusted Offense Level: | 37 |

G.     **Repeat and Dangerous Sex Offenders Against Minors**: In this case, the defendant's convictions for the offenses in Counts 2 and 3 are each covered sex crimes, §4B1.1 does not apply, and the defendant committed the instant offenses of conviction in Counts 2 and 3 subsequent to sustaining at least one sex offense conviction. The offense level, therefore shall be the greater of the offense level determined under Chapters Two and Three, which is a **37**, or the offense level proscribed in §4B1.5(a)(1)(B)(i), which is a **37**. U.S.S.G. § 4B1.5(a)(1)(B)(i).

H     **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the defendant should receive a **2** level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by **1** additional level. The parties

reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

I. **Final Offense Level: <u>34</u>**

## Part 7: Other Conditions

15.    **Potential Civil Commitment:** The defendant has been advised, and understands, that pursuant to 18 U.S.C. § 4248, the defendant faces potential civil commitment as a sexually dangerous person following the expiration of the defendant's term of imprisonment. The defendant understands that any potential civil commitment would be the subject of a separate civil proceeding. The defendant further understands that no one, including the defendant's attorney or the Court, can predict with certainty the effect of this conviction on such a civil commitment determination or the likelihood that civil commitment would be imposed. The defendant understands that civil commitment can be imposed for an indefinite period of time. The defendant nevertheless affirms that he wants to plead guilty regardless of any potential civil commitment consequences that his plea may entail.

16.    **Sex Offender Registration:** The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school as required by both federal and state law, pursuant to 18 U.S.C. § 3583(d) and the Sex Offender Registration and Notification Act (SORNA) at 42 U.S.C. ☐ 16913, et seq.

17.    **Defendant Statement**: The defendant agrees to provide a recorded statement detailing his criminal activity in this case for use in training provided by the United States Attorney's Office.

## Part 8:  Waiver of Right to Appeal

18.     **Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant agrees that in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the defendant consistent with this agreement, regardless of the defendant's criminal history category or how the sentence is calculated by the Court, then the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

19.     **Collateral Attack:**  Additionally, in the event the Court accepts this Rule 11(c)(1)(C) plea provided for in this Plea Agreement and sentences the defendant consistent with this agreement, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offenses and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and

reserves the right to assert this waiver as a bar to an appeal from the district court's decision

regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass

claims, either on direct or collateral review, that the defendant received ineffective assistance of

counsel.

**20.** **No Appeal of Supervised Release Term and Conditions**: The parties'

reservation of the rights to present evidence and arguments in this Court concerning the length

and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal

specified above, which includes a waiver of the right to appeal to the length and conditions of the

period of supervised release.

### Part 9: Presentence Investigation Report

**21.** The defendant requests and consents to the commencement of a presentence

investigation by probation officers of the United States District Court for purposes of preparing a

Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**22.** The defendant further requests and consents to the review of the defendant's

Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the

government at any time, including prior to entry of a formal plea of guilty.

### Part 10: Immigration Consequences

**23.** The defendant recognizes that pleading guilty may have consequences with

respect to the defendant's immigration status if the defendant is not a citizen of the United States.

Under federal law, a broad range of crimes are removable offenses, including the offenses to

which the defendant is pleading guilty. The defendant also recognizes that removal will not

occur until service of any sentence imposed in this case has been completed. Removal and other

immigration consequences are the subject of a separate proceeding, however, and the defendant

understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Part 11:  Statement of the Defendant

24.    By signing this document, the defendant acknowledges the following:

A.    I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

B.    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

C.    I have read the entire Plea Agreement and discussed it with my attorney.

D.    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

E.    Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I

would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

F.      I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

G.      I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

H.      I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

I.      I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

J.      My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the

22

United States has the right to appeal any sentence that I receive under this Plea Agreement.

**K.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

**L.** I understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 12: Certificate of Counsel

**25.** By signing this document, the defendant's attorney and counselor certifies as follows:

**A.** I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Information in this case;

**B.** To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

**C.** The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**D.** In my opinion, the defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10,

Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

E.    In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

### Part 13: Final Provision

26. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

5/11/17
DATE

Kristina M. Korobov
Assistant United States Attorney

5.15.17
DATE

Joe H. Vaughn
First Assistant United States Attorney

5-10-2017
DATE

Nicolas Ryan Bishop
Defendant

5-10-2017
DATE

William Dazey
Counsel for Defendant

25

## Addendum A

**Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

    A.    Defendant shall not have any unsupervised meetings, non-incidental communications, activities, or visits with any minor, unless they have been disclosed to the probation officer and approved by the court. In determining whether to recommend approval of such activities involving members of your family, the probation officer shall determine if you have notified the persons having custody of any such minors about the conviction in this case and the fact that you are under supervision. If this notification has been made, and if the person having custody consents to these activities, then this condition is not intended to prevent recommended approval of the activity.

    B.    You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, non-incidental communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

    C.    You shall not participate in unsupervised meetings, non-incidental communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor,

including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in mental health treatment or religious services with felons in such programs so long as the activity has been disclosed as described above.

D. **Restrictions on Viewing Sexually Explicit Materials:** You shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

E **Sex Offense-Specific Assessment, Treatment, and Physiological Testing:** You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer. You shall pay some or all of the costs of treatment, in accordance with your ability to pay.

F. **Computer and Internet Restrictions:** You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and

may not access or use any undisclosed equipment. You shall pay some or all of the costs associated with the monitoring, in accordance with your ability to pay.

      G.    **Search and Seizure:** You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.