UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00086-JRS-MJD |
| | ) | |
| NICOLAS RYAN BISHOP, | ) | -01 |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00086-JRS-MJD |
| | ) | |
| NICOLAS RYAN BISHOP, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Nicolas Ryan Bishop has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 63. For the reasons explained below, his motion for compassionate release is **denied**.

## I. Background

Mr. Bishop is currently serving a 360-month sentence of imprisonment after he pled guilty to one count of Receipt of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2), two counts of Coercion and Enticement, and Attempted Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), three counts of Coercion and Enticement, and Attempted Coercion and Enticement, also in violation of 18 U.S.C. § 2422(b), and four counts of Penalties for Registered Sex Offender, in violation of 18 U.S.C. § 2260A. Dkt. 58 at 1–2. The Court also imposed a life term of supervised release. *Id*. at 3. As set forth in the Presentence Investigation Report, in November 2016, Mr. Bishop had inappropriate communications and contact with three minor girls. Dkt. 39 at 4-6. This conduct included sexual intercourse, touching them in their vaginal and breast areas, and sending and receiving sexually explicit photographs. *Id.* Mr. Bishop also threatened to burn down the home of one of the girls and

publicly release sexually explicit photos of two of them if they did not agree to meet with him or send him more photos. *Id.*

Mr. Bishop is a registered sex offender under Indiana law. *Id.* He was convicted of rape in 2012 under Indiana cause number 60C01-1102-FA-98. *Id.* Since at least September 5, 2013, he was required to register under Indiana law as a convicted sex offender. *Id.*

The Bureau of Prisons ("BOP") currently reports Mr. Bishop's anticipated release date as June 15, 2042. *See* https://www.bop.gov/inmateloc/ (last visited October 16, 2026). Mr. Bishop argues that the Court should reduce his sentence to time served because he establishes extraordinary and compelling reasons for compassionate release within the meaning of § 3582(c)(1)(A)(i). The Court has concluded it can resolve the motion without a response from the United States.

Mr. Bishop offers four potentially extraordinary and compelling reasons for release: (1) he has Attention Deficit Hyperactivity Disorder (ADHD), which he states constitutes a "serious functional or cognitive impairment," (2) he was in his early twenties at the time he committed the offense and therefore, U.S.S.G. Amendment 829 should apply, (3) his mother is disabled and he is the only available caregiver, and (4) he has engaged in rehabilitation programs while incarcerated.

Before the Court proceeds to the merits of Mr. Bishop's motion, it addresses his motion for counsel. There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Given Mr. Bishop's competent explanation of his claims and his ability to marshal evidence in his favor, the Court finds that recruiting pro bono counsel on his behalf is not necessary. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Thus, his motion for counsel, dkt. [64], is **denied**.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Starting with Mr. Bishop's claim that his ADHD diagnoses should be considered an extraordinary and compelling reason for compassionate release, the Court disagrees. For a medical condition of a defendant to work as an extraordinary and compelling reason for purposes of compassionate release, the defendant must be "suffering from a serious physical or medical condition" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). Although ADHD is a mental disorder for which there is no cure, Mr. Bishop has provided no evidence that he is unable to care for himself within the correctional

facility. Rather, the only evidence he provides is documentation of his diagnosis. Dkt. 63-1 at 31-37. Therefore, Mr. Bishop's ADHD diagnosis is not an extraordinary and compelling reason for compassionate release.

Moving on to Mr. Bishop's claim that Amendment 829 should be considered an extraordinary and compelling reason for compassionate release, the Court disagrees. Amendment 829 to U.S.S.G. § 5H1.1 provides that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses" and that "risk factors may affect a youthful individual's development into the mid-20's." U.S. Sentencing Comm'n, Amendment 829, 2024 (effective November 1, 2024). However, Amendment 829 does not provide Mr. Bishop a basis for relief because it is not retroactive—and does not require a departure even when extant—and he was sentenced in November 2017—before Amendment 829 went into effect. *See United States v. Parrot*, No. 21-CR-691(RMB), 2025 WL 995398, at *2 (S.D.N.Y. April 3, 2025) (collecting cases); U.S.S.G. § 1B1.10(d) (identifying retroactive amendments). Moreover, Amendment 829 is used in determining an appropriate sentence—along with all of the other 3553 factors, which included age as a characteristic of a defendant even before Amendment 829--not as a tool to reduce a sentence after a judgment has been rendered. Therefore, it does not serve as a basis for compassionate release.

Mr. Bishop's next claim is that his mother is disabled and he is the only available caregiver. The sentencing guidelines do allow for family circumstances to count as an extraordinary and compelling reason for compassionate release if the family member is incapacitated and the defendant is the only available caregiver for the family member. § 1B1.13(b)(3). However, Mr. Bishop has not provided any evidence that his mother is incapacitated or that he is the only

available caregiver for her. Therefore, the Court cannot consider this an extraordinary and compelling reason for compassionate release.

Mr. Bishop also claims that, under U.S.S.G. § 1B1.13(b)(5), the combination of his cited factors is enough to be considered extraordinary and compelling for purposes of compassionate release. The Court disagrees because none of the grounds he has raised, whether considered alone or in combination with other claims, would be considered "similar in gravity" to the factors considered to be extraordinary and compelling. Indeed, Mr. Bishop also mentions rehabilitation as an extraordinary and compelling reason, but "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant, is not, by itself and extraordinary and compelling reason." As explained, nothing else Mr. Bishop claims is enough to be considered extraordinary and compelling, so the Court cannot consider rehabilitation in its compassionate release determination.

Even if the Court were to determine that one of the above claims, alone or in combination, raised by Mr. Bishop did constitute an extraordinary and compelling reason for compassionate release, the nature and circumstances of Mr. Bishop's crime do not weigh in his favor when considering the sentencing factors under 18 U.S.C. § 3553(a).

The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6)

the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Weighing in Mr. Bishop's favor, is his concern for his mother's care and desire to help her. He has also participated in many programs geared toward his rehabilitation, which the Court commends him for. Mr. Bishop also states that he has a confirmed home and employment upon release. Dkt. 63 at 12.

Weighing against him, however, is the nature and circumstances of his crime. Indeed, as explained, he engaged in sexual conduct with a minor girl, solicited sexually explicit images from three minor girls, and extorted two of the girls for more sexually explicit photos while threatening to publicly post the photos he already had or, in the case of one girl, burn down her house. Dkt. 39 at 4-6. The sentence imposed by the Court reflected the seriousness of the crime. Mr. Bishop was already a registered sex offender and convicted rapist when he committed these crimes, making him a danger to society. Moreover, based on his projected release date on the BOP website, Mr. Bishop still has 16 years left of his sentence, so releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Bishop now would not: reflect the seriousness of his offense; promote respect for the law; provide just punishment for his offenses; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

## III. Conclusion

For the reasons stated above, Nicholas Ryan Bishop's motion for compassionate release, dkt. [63], is **denied**. Because there is no statutory authority to provide counsel and he adequately presented his arguments without the assistance of counsel, Mr. Bishop's motion to appoint counsel, dkt. [64], is **denied**.

**IT IS SO ORDERED.**

Date: 11/2/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Nicholas Ryan Bishop
Reg. No. 15521-028
FCI Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320

All Electronically Registered Counsel of Counsel via CM/ECF